IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Perez, | No. CV-05-1919-PHX-DGC (LOA) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

This matter arises on the Court's review of the file. Plaintiff commenced this action on June 24, 2005. (document # 1) On March 2, 2006, the Court ordered service on Defendant Arpaio and ordered Plaintiff to file a completed service packet by March 22, 2006. (document # 3) The Court also directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.) Additionally, LRCiv 83.3(d) obligates Plaintiff to immediately notify the Court in writing of any change in address.

On March 9 and 13, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." (documents # 5, # 6) No alternate address for Plaintiff was found. (Id.) Plaintiff violated the Court's Order and the Local Rules by failing to advise the Court of his new address and by failing to return a completed service packet by the March 22, 2006 deadline. Therefore, the Court ordered Plaintiff to show cause on or before April 10, 2006 why this matter should not be dismissed without prejudice for failure to comply with court orders. (document # 7) On April 3, 2006, the Court again received returned mail addressed to Plaintiff.

1  (document # 8)   Plaintiff has not provided the Court with his current address leaving the Court
2  with no means to contact Plaintiff regarding this matter.  In view of Plaintiff's continued failure
3  to advise the Court of his current address in violation of Court orders, this matter should be
4  dismissed.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)(stating that an order
5  imposing sanctions for plaintiff's failure to advise the court of his address was not warranted
6  before dismissing the case because such an order would only take a round trip through the
7  mail.); Arquelles v. Arpaio, No. CV-05-3426-PHX-SMM, 2006 WL 687125 (D.Ariz., March
8  16, 2006) (adopting Report and Recommendation that § 1983 complaint should be dismissed
9  based on plaintiff's failure to advise the court of his address.).

10       In view of the foregoing,

11       IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
12  for failure to comply with Court orders pursuant to FED.R.CIV.P. 41(b).

13       This recommendation is not an order that is immediately appealable to the Ninth Circuit
14  Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate
15  Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
16  have ten days from the date of service of a copy of this recommendation within which to file
17  specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
18  Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
19  response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
20  Recommendation may result in the acceptance of the Report and Recommendation by the
21  District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121
22  (9th Cir. 2003).
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

1 | Failure timely to file objections to any factual determinations of the Magistrate Judge
2 | will be considered a waiver of a party's right to appellate review of the findings of fact in an
3 | order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,
4 | Federal Rules of Civil Procedure.

5 | DATED this 14th day of April, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge